UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Roger Kingma,<br>Plaintiff,<br><br>v.<br><br>XPO Logistics Freight, Inc.,<br>Defendant. | CASE NO.: ______________________<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about July 16, 2026.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Roger Kingma, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, XPO Logistics Freight, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about January 18, 2021, the Plaintiff began working for the Defendant as a Driver Sales Representative.

11. The Plaintiff was fifty (54) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. The Plaintiff was injured at work on December 15, 2021, when he stepped out of the truck and into a hole in the parking lot causing him to fall and injury his right knee. The injury occurred at approximately 3:00 a.m. when there were no lights on in the parking lot of Defendant's company.

13. Plaintiff's workers' compensation claim was finally settled on April 3, 2025.

14. From the time Plaintiff's claim was settled, he was constantly retaliated against and treated poorly.

15. The Plaintiff was subjected to discrimination on September 3, 2025, when he was fired. The Defendant's gave a pretextual reason that he damaged two cartons of product. That was inaccurate, but the Plaintiff asked to do a refresher training course, but the request was denied by Defendant, even though a younger co-worker wrecked a company vehicle and was allowed to take a refresher course to keep his position.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Plaintiff was then terminated on or about September 3, 2026, for having a workers compensation claim and his age.

18. Following Plaintiff's termination, the Plaintiff became aware that the Defendant hired a younger employee (under 40), with less experience.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Age Discrimination in Employment Act**

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. Plaintiff was a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

21. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In failing to promote or continue to employ Plaintiff due to his age;

b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

22. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

23. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, he would not have been terminated.

24. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Age Discrimination in Employment Act - Retaliation**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. That as alleged above, Plaintiff complained to the Defendant on several occasions about age discrimination.

27. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

28. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

29. The Defendant's stated reason for retaliation and wrongful discharge was mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

30. Plaintiff's reports of age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age discrimination, he would not have been terminated.

31. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

32. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

33. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

35. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

36. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have his lost wage amount doubled against the Defendant.

## FOR A THIRD CAUSE OF ACTION
**Retaliation 41-1-80**

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claims and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

39. Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating him.

40. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

41. Because of such wrongful and retaliatory treatment by Defendant, its agents and employees, Plaintiff, has been damaged in such an amount to be determined by the trier of fact.

42. Due to the acts of Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

43. Due to the acts of Defendant, its agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that he was regularly getting before his injuries through, back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits.

## REQUEST FOR RELIEF

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

46. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. ID# 6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
August 25, 2026.